**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br><br>               Plaintiff,<br><br>v.<br><br>Agustin Lopez,<br><br>               Defendant. | No. CR-16-01468-PHX-DGC<br><br>**ORDER** |

The Indictment in this case charges Defendant Agustin Lopez with Conspiracy to Possess with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of a Drug Trafficking Offense.  Magistrate Judge Eileen Willett ordered Defendant detained pending trial. Doc. 12.  Defendant now asks the Court to set aside the detention order and permit him to reside at a drug treatment facility pending trial.  The Court has reviewed the materials filed by the parties (Docs. 14, 19) and heard oral argument on January 11, 2017.  For the following reasons, the Court will deny the motion.

**A.     Legal Standards.**

The Court reviews Judge Willett's decision de novo.  *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).  The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference."  *Id*. at 1193.  Under the Bail Reform Act, Defendant must be detained if the

Court finds that no condition or combination of conditions will reasonably assure the safety of the community or his appearance at trial. 18 U.S.C. § 3142(e).

The government contends that Defendant should be detained as both a danger to the community and a flight risk. The government must prove that Defendant is a danger by clear and convincing evidence. 18 U.S.C. § 3142(f). It must prove flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The parties agree that the Bail Reform Act establishes a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. Docs. 14, 19; 18 U.S.C. § 3142(e); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). This statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the government. *Id*. The presumption does not disappear if it is rebutted, but instead "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Defendant notes that he has no prior criminal history of any significance, that he has been consistently employed, and that he resided with his common law wife and their two children (along with her three other children) before his arrest. Defendant is a citizen of the United States, and his parents and four siblings live in the Phoenix area. Defendant seeks drug treatment through placement in a residential treatment facility.

**B.   Should Defendant Be Detained as a Danger to the Community?**

The Act identifies four general factors to be considered in deciding whether a defendant should be detained: the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). Considering these factors, the Court finds that Defendant does present a significant danger to the community.

Defendant made two sales of methamphetamine, in excess of one pound each, to undercover law enforcement officers. In the first transaction, Defendant was armed with an assault rifle and kept it pointed at the undercover officer with his finger on the trigger. In the second transaction, the assault rifle was present in the vehicle next to Defendant. Thousands of dollars were exchanged in each transaction.

Defendant scheduled a third drug sale to the undercover officer, but failed to appear after thinking he saw a police officer near the transaction site. Defendant attempted to reschedule the transaction, but was arrested. After his arrest, Defendant told agents he had planned not to sell drugs to the undercover officer, but to rob him of the money he brought to the transaction.

The evidence suggests that Defendant was a substantial drug dealer. The pound-quantities of methamphetamine sold during the first two transactions have been tested in laboratories and found to be highly pure. Following Defendant's arrest, more than two kilograms of marijuana were found in his house along with 23 cell phones and an assault rifle. Defendant told the undercover agent during one of the transactions that the methamphetamine being transferred had just come from Mexico and was of a very high quality. Defendant appears to have been trusted with negotiating the terms of the sales, the locations of the sales, and the quantities of the drugs. He was not merely a low-level functionary in the drug trafficking organization. During the second transaction, Defendant was accompanied by his common law wife and another Hispanic individual, showing that Defendant was not acting alone.

The evidence thus suggests that Defendant has engaged in high-level, and highly dangerous, drug trafficking activity. Selling large quantities of pure methamphetamine promises harm to thousands of individuals. Bringing an assault rifle to the sales raises a significant risk of gun violence. Pointing an assault rifle at another individual in a drug trafficking transaction creates the same risk. Further evidence of Defendant's recklessness is found in the fact that he possessed multi-pound quantities of drugs and an assault weapon in a house where he lived with five children.

Further, Defendant has a history of substance abuse and mental health issues. He has received treatment for neither. Defendant also appears to have lied about his cocaine use upon arrest. Finally, the presumption established by the statute, even if rebutted, becomes a factor weighing against Defendant.

Although the weight of the evidence is the least important of the factors listed in § 3142(g), it nonetheless is a factor to be considered. *Hir*, 517 F.3d at 1090. The evidence in this case appears to be substantial. Defendant was captured on audio tape in the first two drug transactions, and video tape in one of them. After his arrest, he admitted his involvement in the transactions. Defendant also admitted that he planned to rob the undercover agent in the third transaction.

Considering all of these facts, the Court finds by clear and convincing evidence that Mr. Lopez is a danger to the community. No conditions of release would reasonably ensure the safety of the community.

**C.     Should Defendant Be Detained as a Flight Risk?**

Defendant is facing a lengthy prison term. The drug trafficking and gun charges carry mandatory minimum sentences totaling 15 years, with a possibility of life in prison. Although Defendant has lived in Phoenix all his life, he is estranged from his parents and siblings. He has a common law wife, but she apparently has been involved with his drug trafficking. Defendant and his wife have no long-term home. They have moved through several different rental properties in the last two years.

Defendant lacks money to post any significant bond. Indeed, he told agents that he had not paid rent in December and was planning to rob the undercover agent to get more money. Defendant owns a car, but his wife reports that it does not work.

Defendant has family in Mexico. He has one sibling there, as well as grandparents, aunts, and uncles. Defendant does not have a passport, but he has visited Mexico in the last five or six years.

Defendant's activities in this case also suggest that he has close ties to large drug trafficking interests in Mexico. The amount and purity of the drugs sold, and his ability

to negotiate transactions for such drugs, suggest significant involvement in drug trafficking operations.

In addition, Defendant has failed to abide by previous court orders. He has failed to appear at court hearings on at least two occasions and has failed to pay a court-ordered fine. Although his criminal history is not substantial, it suggests that Defendant does not have regard for court orders even in relatively small matters.

The Court concludes, by a preponderance of the evidence, that no condition or combination of conditions will assure Defendant's appearance at trial.

**IT IS ORDERED** that Agustin Lopez will be detained pending trial.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to commence on ____.

DATED this 12th day of January, 2017.

_____
David G. Campbell
United States District Judge